NO. 07-06-0255-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 15, 2007


______________________________



FRANCISCO PERALTA, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;



NO. B2696-0008; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Francisco Peralta filed a notice of appeal from an order revoking his probation.
Appellant's retained counsel sought to withdraw claiming his client had failed to meet his
obligations pursuant to an employment agreement and failed to pay the expenses for the
clerk's and reporter's records as well as a supplemental reporter's record. We abated the
appeal for the trial court to determine whether appellant desired to prosecute the appeal
and whether he was indigent and entitled to appointed counsel and a free record on
appeal. After a hearing on November 9, 2006, the trial court made findings that appellant
desired to prosecute his appeal, did not wish to have counsel appointed, was not indigent,
and would be able to retain counsel within 30 days. At that hearing, appellant represented
he would need 30 days to obtain counsel and was warned by the trial court that he needed
to obtain a lawyer as soon as possible. We then reinstated the appeal and granted
counsel's motion to withdraw. 

 By letter dated November 21, 2006, we notified appellant that his brief was due 30
days from that date. On January 3, 2007, we again notified appellant that a brief had not
been received and that he had until January 16, 2007 to file one. On January 16, 2007,
appellant requested an extension of the deadline because he was still "looking for an
attorney." On January 17, 2007, we notified appellant that his brief was to be filed on
January 31, 2007, or the appeal would be submitted to the court without briefs. To date,
neither a brief nor any correspondence from appellant or any counsel he may have
retained has been received.

 When the appellant's brief remains outstanding, the appellant is not indigent, and
he has failed to make the necessary arrangements for filing a brief, the appellate court may
consider the appeal without briefs as justice may require. Tex. R. App. P. 38.8(b)(4). Here,
the trial court found appellant was not indigent and that he would make the necessary
arrangements for filing his brief. Nevertheless, he has not done so. 

 While we believe that no accused should be denied his right of appeal, justice
requires that the exercise of the right to appeal must be held within the framework of the
rules of appellate procedure. Jones v. State, No. 14-04-01123-CR, 2005 Tex. App. Lexis
6410 at *3 (Tex. App.-Houston [14th Dist.] August 11, 2005, no pet.) (not designated for
publication). Furthermore, requiring any appellant to follow the rules does not infringe upon
his right of appeal. Id. at 3-4. Therefore, justice requires that this appeal be determined
without a brief.

 Having sua sponte reviewed the entire appellate record and found no error, we
affirm the final judgment of the trial court. See id. (affirming the judgment); Clark v. State,
No. 10-03-0268-CR, 2005 Tex. App. Lexis 3085 at *2 (Tex. App.-Waco, April 20, 2005,
no pet.) (not designated for publication) (affirming the judgment).


 Brian Quinn 

 Chief Justice


Do not publish.



ngly, the State's petition for writ of mandamus is denied.

 Don H. Reavis

 Justice
1. Assuming arguendo that the court's December 30, 2003 letter granting appellee's
motion to enforce the plea agreement was not an order from which an appeal could be
predicated, the State's premature filing would be deemed to be filed on the same day, but
after the appealable order was signed by the trial court, in this case, on February 23, 2004. 
Tex. R. App. P. 27.1(b).